FILED
LORAIN COUNTY

2023 DEC 12 A 8: 25

COURT OF COMMON PLEAS
TOM ORLANDO

## LORAIN COUNTY COMMON PLEAS COURT
## LORAIN COUNTY, OHIO

FREDDIE J. BUSSEY, JR.
By and through Jonathan E. Rosenbaum
Guardian of the Estate of Freddie J. Bussey, Jr.
230 Third Street, Suite 101
Elyria, OH 44035

CASE NO. 23CV210976

JUDGE

Plaintiff

v.

THE CITY OF ELYRIA
c/o Law Director Amanda Deery
131 Court Street
Elyria, OH 44035

and

JOHN DOES 1-6
Individually and in their official capacities
c/o City of Elyria,
131 Court Street
Elyria, OH 44035

and

OFFICER BASHSHAR WILEY
85 South Main Street
Oberlin, Ohio 44074
Individually and in his official capacity

and

OFFICER JAKOB J. KOLESZAR
85 South Main Street
Oberlin, Ohio 44074
Individually and in his official capacity

                Defendants

and

THE CITY OF OBERLIN
C/O Law Director Jon Clark
85 South Main Street
Oberlin, Ohio 44074

## COMPLAINT

### (JURY DEMAND ENDORSED HEREON)

### INTRODUCTION

1. This case is brought to address violations of law and resulting damages from the misconduct of various individuals, entities, officers, and other officials in connection with the July 1, 2023 arrest and incarceration of Plaintiff, Freddie J. Bussey, Jr. Mr. Bussey, Jr. is an upstanding and law-abiding citizen who suffers from a lifelong mental disability and has been a ward of the Lorain County Probate Court since April, 2004 with no criminal history. Mr. Bussey was wrongfully restrained, arrested, incarcerated and subjected to an unlawful process despite his innocence. As a direct result of the actions of the individual Defendants, as well as a direct result of the unconstitutional customs, policies and/or practices of the Cities of Elyria, and Oberlin, Mr. Bussey, Jr. suffered a loss of his rights and other damages.

### JURISDICTION

2. This action, is brought pursuant to claims arising under the law of the State of Ohio; 28 U.S.C. §1331, 1343(3) and (4); 42 U.S.C. §1985; 22 U.S.C. §2201; the Fourth, and Fourteenth Amendments to the United States Constitution; and pursuant to 28 U.S.C. §1923 and 1988 as it is also an action for Compensatory Damages, Punitive Damages, attorney fees and the cost of this action. This court has personal jurisdiction over the Defendants, who reside in and/or conduct business in Lorain County, Ohio.

## PARTIES

3. At all times relevant, Plaintiff Freddie J. Bussey, Jr., was a U.S. citizen and a resident of Lorain County, Ohio.

4. Defendant City of Elyria is a municipal corporation under Article XVIII of the Ohio Constitution and a "person" subject to suit within the meaning of 42 U.S.C. § 1983. The City of Elyria controls, operates, and supervises the City of Elyria Police Department.

5. Defendant City of Oberlin is a municipal corporation under Article XVIII of the Ohio Constitution and a "person" subject to suit within the meaning of 42 U.S.C. § 1983. The City of Elyria controls, operates, and supervises the City of Elyria Police Department.

6. Defendants Bashshar Wiley, Jakob J. Koleszar and Defendants John Does 1-6 were at all times relevant police, corrections officers or other government officials employed by, or acting on behalf of the City of Elyria and were acting under color of law and in the course and scope and in furtherance of their employment with the City of Elyria. Thus Defendants are a "person" under 42 U.S.C. § 1983. John Does 1-6 were police officers and/or other City of Elyria employees/agents and/or officials who entered misinformation and/or caused misinformation to be entered into the records of the City of Elyria and/or who transported Freddie J. Bussey, Jr. to the Lorain County jail whose names and true identities cannot be established without discovery.

## FIRST CLAIM

7. Defendants Bashshar Wiley and Jakob J. Koleszar were police officers employed by the City of Oberlin, Ohio on July 1, 2023.

8. On July 1, 2023, said Defendants, while purporting to act in their duty as police Officers on behalf of the City of Oberlin, acting on behalf of the City of Oberlin, and under color of law and in the cause and scope of their employment with the City of Oberlin arrested Plaintiff without probable cause, mistaking him for another person wanted on an outstanding warrant

from the City of Elyria.

9. Defendants Wiley and Koleszar arrested Plaintiff without verifying and without making any effort to verify that Plaintiff was actually the suspect sought in the outstanding warrant.

10. After placing the Plaintiff under arrest, Defendants Wiley and Koleszar transported the Plaintiff to Elyria Police officers who together with other City of Elyria employees/agents and/or officials caused Plaintiff to be incarcerated in the Lorain County Jail without verifying his true identity or taking steps to insure that Plaintiff was the actual subject of the arrest warrant issued.

11. As a result of the unlawful arrest, Plaintiff was wrongfully incarcerated until July 3, 2023 and otherwise subjected to various indignities, humiliation, disgrace and mental anguish.

## SECOND CLAIM

12. Plaintiff incorporates the foregoing allegations as if rewritten.

13. On July 1, 2023 Defendants John Does 1-6 who were police officers and/or other City of Elyria employees/agents and/or officials acting on behalf of the City of Elyria and under color of law and in the cause and scope of their employment with the City of Elyria caused Plaintiff to be transported the Plaintiff to the City of Elyria where Plaintiff was incarcerated in the county jail on July 1, 2023.

14. Defendants John Does 1-6 did so without verifying his true identity or taking steps to insure that Plaintiff was the actual subject of the arrest warrant issued.

15. Plaintiff was finally released from imprisonment on July 3, 2023 without any charge ever having been made against him.

## THIRD CLAIM (Monell; 42 U.S.C. §1983)

16. Plaintiff incorporates the foregoing allegations as if rewritten.

17. Defendant City of Elyria's and Defendant City of Oberlin's policies, practices, customs, and usages regarding investigations, arrests, and prosecutions were the moving force behind the violation or Mr. Bussey, Jr.'s rights by Defendants.

18. Defendant City of Elyria failed to institute adequate policies, procedures, customs, usages, practices, training and protocols regarding the entering of information into the processes that lead to the arrest of citizens to ensure that law-abiding citizens are not wrongfully arrested and incarcerated.

19. Defendant City of Elyria also failed to institute and train officers, officials and employees relative to the following: the investigation of crimes; procedures and safeguards relative to entering suspect information on forms and in criminal databases, designation, retention, and destruction of public records; probable cause and proper arrest procedures; the writing of proper police reports and the gathering of evidence; investigating the commission of a crime(s); the unlawfulness of instituting and/or maintaining a process against a citizen with an unlawful and/or improper motive; the laws of slander, libel and/or defamation, including such violations of a *per se* nature; and the adequacy and/or existence of information needed to institute and/or maintain a criminal prosecution.

20. Defendant City of Oberlin failed to institute and train officers, officials and employees relative to the following: the investigation of crimes; procedures and safeguards relative to verifying that suspect information on forms and in criminal databases is accurate, verifying that citizens that are in fact arresting the correct suspect depicted in entered arrest warrants, designation, retention, and destruction of public records; probable cause and proper arrest procedures; the writing of proper police reports and the gathering of evidence; investigating the commission of a crime(s); the unlawfulness of instituting and/or maintaining a process against a citizen with an unlawful and/or improper motive; the laws of slander, libel and/or defamation,

including such violations of a per se nature; and the adequacy and/or existence of information needed to institute and/or maintain a criminal prosecution.

### FOURTH CLAIM:
### Willful, Wanton, Reckless, Gross Negligence, Malicious and Bad Faith Conbduct

21. Plaintiff incorporates the foregoing allegations as if rewritten.

22. As set forth herein, each of the individually named Defendants, acted in a willful, wanton, reckless, grossly negligent, and/or malicious manner, and/or acted in bad faith while acting in the course and scope of their employment and under color of law. Their actions and/or omissions culminated in Mr. Bussey, Jr.'s injuries, deprivations and damages, also set forth herein, such that these individual Defendants are not entitled to the defenses and immunities as set forth in O.R.C. §2744.01 *et seq*.

23. As a direct and proximate result of the Defendants' willful, wanton, reckless, grossly negligent, and/or malicious conduct which was also conducted in bad faith, Mr. Bussey, Jr., suffered a violation of his rights, damages, and other losses.

### SIXTH CAUSE OF ACTION:
### Civil Liability for Criminal Acts Under O.R.C. §2307.60(A)(I)

24. Plaintiff incorporates the foregoing allegations as if rewritten.

25. Defendants, and John Does 1-6 engaged in conduct that constitutes the following criminal acts: Dereliction of Duty (R.C. §2921.44(C)(2)(5); and Interfering with Civil Rights (R.C. § 2921.45(A).

26. As a direct and proximate result of the individual Defendants' intentional, knowing, and purposeful conduct, which showed a spirit of ill-will and wanton disregard of Mr. Bussey, Jr.'s rights, Plaintiff Mr. Bussey, Jr., suffered harm, losses and damages.

27. The Defendants therefore are liable to Plaintiff for civil damages for their criminal conduct pursuant to Ohio Revised Code § 2307.60 including compensatory damages, punitive damages, costs, and attorney's fees.

Wherefore, Plaintiff prays for Judgment against the Defendants jointly and severally for compensatory damages in excess of $25,000.00, punitive damages, attorney fees and his costs incurred herein.

*/s/ Barry Eckstein*
Barry Eckstein (0000477)
Attorney for Plaintiff
Eckstein & Eckstein
Attorneys at Law
P.O. Box 387
5 West College Street
Oberlin, OH 44074
Phone: (440) 774-4382
Fax: (440) 774-1497
Email: bse2@frontier.com

## JURY DEMAND

Plaintiff demands a Trial by Jury in this action.

*/s/ Barry Eckstein*
Barry Eckstein (0000477)
Attorney for Plaintiff

## TO THE CLERK: REQUEST FOR CERTIFIED MAIL SERVICE

Please have Summons and a copy of the Complaint served on each of the named Defendants by certified U.S. Mail, return receipt requested, at their addresses set forth in the caption of the Complaint.

*/s/ Barry Eckstein*
Barry Eckstein (0000477)
Attorney for Plaintiff