UNITED STATES DISTRICT COURT
NORTHERN DISTICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FREDDIE J. BUSSEY, JR., etc., | ) | CASE NO.: 1:24-cv-00080 |
| Plaintiff, | ) ) | JUDGE: CHARLES E. FLEMING |
| vs. | ) ) | **ANSWER OF DEFENDANT** |
| CITY OF ELYRIA, et al., | ) ) | **CITY OF ELYRIA TO** **PLAINTIFF'S COMPLAINT** |
| Defendants. | ) ) ) | **(Jury Demand Endorsed Herein)** |

Now comes Defendant, City of Elyria, by and through counsel, Mazanec, Raskin & Ryder Co., L.P.A., and for its answer to Plaintiff's Complaint states as follows:

1. Answering Paragraph 1 of Plaintiff's Complaint, Defendant avers said Paragraph is rhetorical and does not require an answer by this answering Defendant. Further answering said Paragraph, Defendant denies any violation of law or liability for damages. Defendant does, however, acknowledge Mr. Bussey was mistakenly arrested due to the wrong Bussey being identified on the warrant at issue due to an officer error.

2. Answering Paragraph 2 of Plaintiff's Complaint, Defendant admits this court has jurisdiction over Plaintiff's claims based upon an alleged constitutional violation and brought under 42 U.S.C. §1983. Further this court has discretion to exercise jurisdiction over Plaintiff's state law claims. Defendant admits venue is proper in this District.

3. Answering Paragraph 3 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

4. Answering Paragraph 4 of Plaintiff's Complaint, Defendant admits the City of Elyria is a municipal corporation and a political subdivision of the State of Ohio and is a person

under 42 U.S.C. §1983.  Further answering said Paragraph, Defendant admits the Elyria Police Department is a department of the City of Elyria.  Defendant denies any remaining allegations of said Paragraph.

5.     Answering Paragraph 5 of Plaintiff's Complaint, Defendant admits the City of Oberlin is a municipal corporation and a political subdivision of the State of Ohio and is a person under 42 U.S.C. §1983.  Further answering said Paragraph, Defendant denies any remaining allegations contained therein.

6.     Answering Paragraph 6 of Plaintiff's Complaint, Defendant admits an officer of the City of Elyria made a mistake entering warrant information and entered the information for the wrong Bussey on the warrant resulting in Plaintiff's arrest.  Further answering said Paragraph, Defendant denies the remaining allegations contained therein.

7.     Answering Paragraph 7 of Plaintiff's Complaint, Defendant based on information and belief admits the allegations contained therein.

8.     Answering Paragraph 8 of Plaintiff's Complaint, Defendant based on information and belief admits that Plaintiff was arrested by Officers of the City of Oberlin based on the warrant issued for his arrest by mistake.  Further answering said Paragraph, Defendant denies the remaining allegations contained therein.

9.     Answering Paragraph 9 of Plaintiff's Complaint, Defendant is without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.  Further answering said Paragraph, Defendant avers they arrested the person for whom the warrant was issued, albeit mistakenly issued for the wrong Bussey.

10.    Answering Paragraph 10 of Plaintiff's Complaint, Defendant admits that Oberlin Police officers transferred custody of Plaintiff to Elyria officer(s) and was transported to Lorain

County jail where he was held until release. Further answering said Paragraph, Defendant denies the remaining allegations contained therein.

11. Answering Paragraph 11 of Plaintiff's Complaint, Defendant admits Plaintiff was held after his arrest until on or about July 3, 2023. Further answering said Paragraph, Defendant denies the remaining allegations contained therein.

12. Answering Paragraph 12 of Plaintiff's Complaint, Defendant reavers and realleges all the admissions, averments and denials contained in Paragraphs 1 – 11 of its answer as if fully rewritten herein.

13. Answering Paragraphs 13 and 14 of Plaintiff's Complaint, Defendant is without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and, therefore, denies the same.

14. Answering Paragraph 15 of Plaintiff's Complaint, Defendant admits Plaintiff was released on or about July 3, 2023 and that charges as a result of the warrant were withdrawn.

15. Answering Paragraph 16 of Plaintiff's Complaint, Defendant reavers and realleges all the admissions, averments and denials contained in Paragraphs 1 – 14 of its answer as if fully rewritten herein.

16. Answering Paragraphs 17, 18, 19 and 20 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

17. Answering Paragraph 21 of Plaintiff's Complaint, Defendant reavers and realleges all the admissions, averments and denials contained in Paragraphs 1 – 16 of its answer as if fully rewritten herein.

18. Answering Paragraphs 22 and 23 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

19. Answering Paragraph 24 of Plaintiff's Complaint, Defendant reavers and realleges all the admissions, averments and denials contained in Paragraphs 1 – 18 of its answer as if fully rewritten herein.

20. Answering Paragraphs 25, 26 and 27 of Plaintiff's Complaint, Defendant denies the allegations contained therein and controverts the prayer contained subsequent thereto.

## FIRST DEFENSE

21. Defendant realleges and reavers all the admissions, averments and denials contained in Paragraphs 1 - 20 of its answer as if fully rewritten herein.

22. Plaintiff's complaint is barred in part by Chapter 2744 of the Ohio Revised Code.

## SECOND DEFENSE

23. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, having fully answered, Defendant prays that Plaintiff's Complaint be dismissed, and that it go hence without cost or delay.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/John T. McLandrich*
JOHN T. MCLANDRICH  (0021494)
EDMOND Z. JABER (0096355)
100 Franklin's Row
34305 Solon Road
Cleveland, OH  44139
(440) 248-7906
(440) 248-8861 – Fax
Email:  jmclandrich@mrrlaw.com
            ejaber@mrrlaw.com

*Counsel for Defendant City of Elyria*

## JURY DEMAND

A trial by jury composed of the maximum number of jurors permitted under the law is hereby demanded.

*s/John T. McLandrich*
JOHN T. MCLANDRICH  (0021494)
EDMOND Z. JABER (0096355)

*Counsel for Defendant City of Elyria*

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2024, a copy of the foregoing Answer Defendant City of Elyria was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/John T. McLandrich*
JOHN T. MCLANDRICH  (0021494)
EDMOND Z. JABER (0096355)

*Counsel for Defendant City of Elyria*